UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
MANGO LABS, LLC,

                Plaintiff,

    -against-

AVRAHAM EISENBERG,

                Defendant.

------------------------------------------------------- X

No. 1:23-cv-00665(LJL)

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

LEWIS J. LIMAN, United States District Judge:

      This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties have not engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than <u>30 days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure</u>. Plaintiff reserves its right to amend as of right under Rule 15(a) of the Federal Rules of Civil Procedure.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than <u>May 1, 2023</u>.

6. All fact discovery is to be completed no later than <u>one hundred twenty (180) days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.</u>

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a.    Initial requests for production of documents shall be served by <u>May 17, 2023</u>.

    b.    Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by <u>May 17, 2023</u>. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c.    Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d.    Depositions shall be completed by <u>one hundred twenty (120) days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure</u>.

    e.    Requests to Admit shall be served no later than <u>thirty (30) days before the close of fact discovery</u>.

8. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by <u>one hundred sixty-five (265) days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure</u>.

9. All discovery shall be completed no later than <u>one hundred sixty-five (265) days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure</u>.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than <u>thirty (30) days before the start of trial</u>.

11. A post-discovery status conference shall be held <u>one week following the close of all discovery</u>. A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than 3 single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than <u>one hundred seventy-nine (279) days following the decision on any motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure</u>.

13. This case is to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is <u>five (5) days</u>.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. __X__ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program.

    c. _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

    **The timing, form, or requirements under Rule 26(a):**

    **Plaintiff's Position:**
    No changes to the timing, form, or requirements are necessary. Plaintiff will circulate a protective order and ESI protocol. No limitations on discovery will be imposed.

    **Defendant's Position:**
    This action should be stayed pending resolution of the related criminal action concerning Defendant. In the event the action is not stayed, discovery should be stayed pending resolution of Defendant's anticipated motion to dismiss.

    **The subjects on which discovery is needed are as follows:**

    **Plaintiff's position**: All documents and communications relevant to Plaintiff's allegations and Defendant's defenses, including Defendant's attack on Mango Markets, communications before and following the attack, and the location of the assets. Plaintiff reserves the right to supplement the subjects on which discovery may be needed as the case progresses.

    **Defendant's position**: Information relevant to Plaintiff's claims and Defendant's anticipated counterclaims, including Plaintiff's (and its sole owner, Mr. Durairaj's) operation and control of Mango Markets, representations to Defendant, and breach of the Settlement and Release Agreement entered into with Defendant. Defendant reserves the right to supplement the subjects on which discovery may be needed as the case progresses.

Counsel for the Parties:

 /s/ J. Alexander Lawrence
J. ALEXANDER LAWRENCE
ALawrence@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: 212.468.8000
Facsimile: 212.468.7900

WILLIAM FRENTZEN (*pro hac vice*)
WFrentzen@mofo.com
MICHAEL BURSHTEYN (*pro hac vice*)
MBurshteyn@mofo.com
LARA MCDONOUGH (*pro hac vice*)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7500

RAFAEL YAKOBI (*pro hac vice*)
rafael@thecryptolawyers.com
THE CRYPTO LAWYERS, PLLC
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722

*Attorneys for Plaintiff Mango Labs, LLC*

 /s/ Mark Berkowitz
MARK BERKOWITZ
mberkowitz@tarterkrinsky.com
RICHARD J.L. LOMUSCIO
rlomuscio@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: 212.216.8000
Facsimile: 212.216.8001

*Attorneys for Defendant Avraham Eisenberg*

Dated: _____
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge